103 F.3d 131
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellant,
v.
Brody CARTER, Defendant-Appellee.
 No. 95-6436.
 United States Court of Appeals, Sixth Circuit.
 Nov. 27, 1996.
 
 Before: KEITH, BOGGS AND BATCHELDER, Circuit Judges.
 PER CURIAM:
 
 
 1
 The Defendant-Appellant, Brody Carter ("Carter"), appeals the denial of his motion to suppress evidence obtained during the execution of a search warrant by the Shelby County, Tennessee, Sheriff's Department. For the reasons stated below, we AFFIRM the decision of the district court.
 
 I. Statement of the Case
 
 2
 On January 24, 1995, officers of the Shelby County Sheriff's Department executed a search warrant at 45 East Utah in Memphis, Tennessee, Carter's residence. The search warrant was obtained based on information provided by a confidential informant that crack cocaine had been sold at 45 East Utah. Detective B.T. Roberts ("Detective Roberts"), of the Shelby County Sheriff's Department, was a member of the raid team that executed the warrant. When the officers arrived at the residence, all, except Detective Roberts, immediately got out of the raid van and proceeded to the front door of the house. Detective Roberts was delayed in exiting the vehicle because his gun holster became lodged between the front seat and the door frame. When Detective Roberts finally extricated himself from the van, he proceeded to the front door. At the door, he was told to break the door in with his battering ram because someone inside the house was running. Upon entering the house, Detective Roberts secured two females, Jauanita Williford ("Williford") and Fay Smith ("Smith"). Detective Beasly, another member of the raid team, chased after a third individual who was running down the hall. After securing Williford and Smith, Detective Roberts heard a scuffle and also proceeded down the hall. Upon arriving at the scene of the scuffle, Detective Roberts found Carter on the floor near the bathroom and in the custody of Detective Beasly. Another member of the raid team found a baggie of crack cocaine in the toilet of the bathroom.
 
 
 3
 On February 2, 1995, Carter was indicted by a federal grand jury for the United States District Court for the Western District of Tennessee. The one-count indictment charged him with possession with the intent to distribute approximately 28.7 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1).
 
 
 4
 On March 16, 1995, Carter pled not guilty to the indictment and filed a motion to suppress the drugs found during the execution of the warrant. On April 19, 1995, an evidentiary hearing on Carter's motion to suppress was held before a federal magistrate judge.
 
 
 5
 At the suppression hearing, the magistrate heard the testimony of Carter, Williford and Detective Roberts. Carter stated on direct examination that he was in the bathroom taking his medication and attempted to flush the crack down the toilet when he heard the police enter the house. On cross-examination, Carter claimed he was using the facilities when the officers broke the door down and at that point, while pulling up his pants, attempted to flush the drugs down the commode. He further asserted on cross-examination that the officers allowed him to fasten his pants after finding him in the bathroom. Carter claimed both on direct and cross-examination that he did not hear the officers knock before they entered his house.
 
 
 6
 Detective Roberts testified that he heard the other members of the raid team knock on the door and announce their presence as he was trying to free himself from the van. He stated that when he did arrive at the front door, approximately 10-15 seconds later, he was told that someone inside the house had been running and that he should knock the door down. Detective Roberts testified that when he arrived, at the scene of the scuffle, he found Carter on the floor with his nose bleeding and his pants pulled up and fastened. On cross-examination, Detective Roberts admitted that he personally did not see anyone running through the house.
 
 
 7
 Williford testified she lived at 45 East Utah with Carter and her five children. She told the court that she and Smith were in the living room when the police entered the house. She asserted that she did not hear the officers knock and announce their presence before entering the house. Williford also claimed she did not know about the crack and the drug paraphernalia found stuffed in the sofa of her living room couch.
 
 
 8
 On April 28, 1995, the magistrate judge issued a report and recommendation finding that, based on the testimony given in the suppression hearing, Carter's motion to suppress should be denied. The magistrate judge found "[t]he forced entry only occurred after one of the officers saw movement in the living room following their knocking which provided a reasonable officer suspicion that someone was attempting to evade being seen or caught by the police upon notification of their presence ... this court concludes that the officers believed that an emergency situation existed which might have resulted in destruction of evidence." The magistrate judge also concluded that "a reasonable amount of time was provided to the defendant to answer the door and even if less than a sufficient time was given, circumstances then existed which provided the basis for noncompliance with the knock-and-announce requirement." Carter filed timely objections to the magistrate's report and recommendation.
 
 
 9
 On June 7, 1996, the district court entered an order denying Carter's objections to the magistrate judge's report and recommendation and denying his motion to suppress. The district court determined that the testimony of Detective Roberts was more credible than that of Carter or Williford. The district court found that the officers did knock and announce their presence before entering the home. The district court concluded "it would be physically impossible for [Carter] to be pulling up his pants and trying to flush the drugs down the toilet at the same time." The district court also found it highly unlikely that the officers would have allowed Carter the freedom of movement to finish pulling up his pants after they encountered him. The district court concluded that the 10-15 second wait before the officers entered the house was "a reasonable amount of time in which to infer a refused admittance," and that circumstances existed from which the officers could have perceived that someone was attempting to destroy evidence. On June 26, 1995, the district court entered an order allowing Carter to plead guilty while preserving the right to appeal the denial of his motion to suppress. Carter was then sentenced to 36 months in prison. Carter filed a timely notice of appeal.
 
 II. Discussion
 
 10
 On appeal, Carter argues the district court erred by denying his motion to suppress. He contends that Detective Roberts' testimony was not sufficient to establish that the police knocked and announced their presence. He also claims the district court erred in finding that the officers waited a reasonable time before entering the house. Finally, he argues that the evidence did not support the district court's finding that exigent circumstances existed which excused compliance with the knock and announce requirement.
 
 
 11
 Having carefully reviewed the record on appeal and the arguments set forth in the briefs of the parties, we find no reversible error in the district court's Order. See United States v. Gatewood, 60 F.3d 248, 250 (6th Cir.1993) (holding that a wait of ten seconds after knocking and announcing their presence was a reasonable amount of time for officers executing a search warrant to infer a denial of admittance and make a forced entry).
 
 III. Conclusion
 
 12
 For the reasons stated above, we AFFIRM the denial of Carter's suppression motion by the Honorable Jerome Turner, United States District Judge for the Western District of Tennessee.